UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFFORD J. ELSWICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-00051-JPH-DLP |
| | ) |
| DENNIS E. REAGLE Warden, | ) |
| | ) |
| Respondent. | ) |

**Order Dismissing Petition for Writ of Habeas Corpus without Prejudice,
Directing Entry of Final Judgment, and Denying Certificate of Appealability**

Clifford Elswick filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging the 50-year sentence imposed in connection with his 1990 conviction in Elkhart County, Indiana for conspiracy to commit murder. Before the Court is Respondent's motion to dismiss the petition for failure to exhaust state court remedies. Because Mr. Elswick has not exhausted available state court remedies, the petition is **dismissed without prejudice**.

### I. Factual and Procedural Background

In separate jury trials before the same judge, Mr. Elswick was first convicted of murder and attempted murder and sentenced to 70 years' imprisonment on those convictions, and then convicted of conspiracy to commit murder and sentenced to 50 years' imprisonment on that conviction. Dkt. 11-2, *Elswick v. State*, No. 20A03-9101-CR-26 (Ind. Ct. App. Oct. 30, 1991), at 2-3; *Elswick v. State*, 706 N.E.2d 592, 593 (Ind. Ct. App. 1999). The trial court ordered that his 50-year sentence be served consecutively to his 70-year sentence. *Elswick*, 706 N.E.2d at 593.

Between 1991 and 2012, Mr. Elswick filed four motions to correct erroneous sentence alleging that his consecutive sentence was unauthorized under Indiana law and unconstitutional. *Elswick v. State*, 126 N.E.3d 37, 2019 WL 1908095, *1 (Ind. Ct. App. 2019). Mr. Elswick's

1

sentences were upheld on the basis that Indiana Code Section 35-50-1-2 permitted consecutive sentencing "because the two causes involved interconnected offenses and the same judge had tried both cases." *Id.* (citing *Elswick v. State*, 706 N.E.2d 592, 593 (Ind. Ct. App. 1999)). After denying the fourth motion to correct erroneous sentence, the trial court warned Mr. Elswick that "there is no right to engage in abusive and repetitive litigation" and issued the following admonishment:

> The court hereby instructs [Elswick] that he may not file any further repetitive motion concerning modification or vacation of his sentence on the basis that the trial court erred in imposing sentence on constitutional or statutory grounds. In other words, no further motions or petitions in which [Elswick] raises the issues of the validity of his conviction or sentence will be accepted for filing as these issues have been determined closed as a matter of res judicata. [Elswick] is, however, permitted to file motions to modify his sentence, but only within the confines of Ind. Code § 35-38-1-17.

*Id.* at *2 (hereinafter "June 2014 Restrictive Order").

On April 10, 2018, Mr. Elswick filed a motion for relief from judgment under Indiana Trial Rule 60(B)(6), arguing that two of the orders denying his motions to correct erroneous sentence were void. *Id.* at *2–3. The trial court denied the motion and again warned him that he could no longer file any type of challenge to his sentence and, if he did, the court would impose sanctions that could include the loss of credit time. May 3, 2018, Order, Dkt. 13-1 at 6 ("May 2018 Restrictive Order"). The Indiana Court of Appeals affirmed the denial of Mr. Elswick's Trial Rule 60(B) motion and found that the filing restriction was appropriate. *Elswick*, 2019 WL 1908095 at *4.

Throughout Mr. Elswick's various challenges to his sentence in Indiana courts, he has had a state-court petition for post-conviction relief on file. That petition was filed on December 4, 1996. Dkt. 11-1 at 2. From June 1996, to June 1999, Mr. Elswick litigated one of his motions to correct erroneous sentence. Dkt. 11-6 at 2–3. Thereafter, his petition was dormant until January 2004 when he filed a petition to modify his sentence. *Id.* at 4. He filed additional motions to modify

2

his sentence in 2007 and 2008. *Id.* Another motion to correct erroneous sentence was filed on May 21, 2012. *Id.* The trial court scheduled a hearing on Mr. Elswick's post-conviction petition on July 26, 2013, but that hearing was changed to a hearing on his motion to correct erroneous sentence, held on August 30, 2013. Dkt. 11-1 at 7–8. The trial court denied the motion to correct erroneous sentence on October 25, 2013, and that same day scheduled a hearing for Mr. Elswick's post-conviction hearing for January 17, 2014. *Id.* at 9. Between January 2014, and February 27, 2020, evidentiary hearings were scheduled and then cancelled as Mr. Elswick changed attorneys, and requested continuances for various reasons. Dkt. 11-1 at 11–28; dkt. 11-6 at 10–29.

Most recently, on February 27, 2020, a status conference was held at which Mr. Elswick stated he was ready to proceed with the post-conviction proceedings. Dkt. 11-6 at 28. A status hearing scheduled for April 2, 2020, was cancelled on account of the COVID-19 pandemic. *Id.* at 28–29. No further action has been taken by Mr. Elswick or the court, and his petition for post-conviction relief remains pending. Dkt. 11-6.

On January 7, 2021, Mr. Elswick filed the instant petition for habeas corpus, raising eight grounds for relief, including ineffective assistance of appellate counsel. Dkt. 2 at 36–37.

## II. Discussion

Respondent argues that the petition should be dismissed without prejudice because it presents a mix of exhausted and unexhausted claims. Dkt. 11 at 4, citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982). When a petition presents both exhausted and unexhausted claims, the petitioner has two options: 1) amend his petition and proceed only on the exhausted claims (thereby abandoning the unexhausted claims), or 2) file a motion to stay the petition and hold it in abeyance while the petitioner exhausts his remaining claims. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Mr. Elswick chose the latter option; contemporaneously with the filing of his petition, he filed a

motion to stay this § 2254 petition to permit him to complete his state post-conviction proceedings. Dkt. 3. In his response opposing the respondent's motion to dismiss, however, Mr. Elswick changed course, and requested that he be excused from exhausting his remaining state court remedies.

### A. Exhaustion Requirement

Before seeking habeas corpus review in federal court, a petitioner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1). To satisfy the statutory exhaustion requirement, a petitioner must "fairly present his federal claim to the state courts through one complete round of state court review, whether on direct appeal or in post-conviction proceedings." *Whatley v. Zatecky*, 833 F.3d 762, 770–71 (7th Cir. 2016). The interests of comity and federalism dictate that state courts have the first opportunity to correct constitutional violations that occurred in a state court proceeding before a petitioner proceeds to federal court. *Rhines*, 544 U.S. at 273–74.

In his petition, Mr. Elswick raises eight grounds for relief, including several claims of ineffective assistance of appellate counsel. Dkt. 2 at 36–37. Mr. Elswick concedes that he has not exhausted his state court remedies as to those ineffective assistance of appellate counsel claims.[1] Dkt. 2 at 38.

"The Supreme Court has provided an exception to the exhaustion doctrine in those instances where 'the corrective process is so clearly deficient as to render futile any claim to obtain relief.'" *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). The Seventh Circuit has interpreted "corrective process" to refer to the post-

---

[1] The parties dispute whether other grounds have been exhausted. Because they agree that Mr. Elswick's ineffective assistance of appellate counsel claims are unexhausted, the Court focuses on the availability of a state process for those claims.

4

conviction procedure provided by the state. *Id.* "Therefore, 'the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim." *Id.* (quoting *White v. Peters*, 990 F.2d 338, 342 (7th Cir.1993)).

Mr. Elswick argues that the June 2014 Restrictive Order and May 2018 Restrictive Order have rendered any attempts to proceed on his post-conviction petition futile, but the record shows that's not the case. Since the June 2014 Restrictive Order was entered, the post-conviction court has repeatedly attempted to schedule a hearing on Mr. Elswick's amended petition, but each time the hearing has been postponed either at Mr. Elswick's behest or due to COVID-19 restrictions.[2] Dkt. 11-6 at 25–29.

Next, Mr. Elswick's argument that the post-conviction court will punish him for taking any action with respect to his post-conviction petition is unfounded. The court's May 2018 Restrictive Order focuses on Mr. Elswick's attempt to challenge the imposition of consecutive sentences on statutory or constitutional grounds. Dkt. 13-1 at 5–6. The court found that the sentencing issue had been litigated "to the fullest possible extent" and prohibited Mr. Elswick from filing "any further repetitive motion concerning modification or vacation of his sentence on the basis that the trial court erred in imposing the sentence on constitutional or statutory grounds." *Id.* at 6. "In other words, no further motions or petitions in which Defendant raises the issues of the validity of his conviction or sentence will be accepted for filing as these issues have been determined closed as a

---

[2] While the Court may dispense with the exhaustion requirement where delay on the part of the state has led to substantial injustice to the petitioner, *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997), granting such a dispensation would not be appropriate here. As noted, most of the delays during the 24-year pendency of his case are attributable to Mr. Elswick. Moreover, although the COVID-19 pandemic caused the post-conviction court to vacate the most recently scheduled hearing, Mr. Elswick has not filed any motion with the court to reinitiate post-conviction proceedings.

matter of *res judicata*." *Id.* While Mr. Elswick interprets the latter statement as rendering any effort to proceed on his post-conviction petition as futile, the court allowed him to amend his petition on December 8, 2014, dkt. 11-6 at 10. Moreover, the court has taken no action since the May 2018 Restrictive Order to limit Mr. Elswick's ability to proceed on the petition.

Although the Indiana courts will not revisit Mr. Elswick's ineffective assistance claims related to the consecutive sentencing issue, Mr. Elswick's petition in this Court presents new, unrelated ineffective assistance of appellate counsel claims. Dkt. 2 at 36–37 (e.g., raising ineffective assistance of appellate counsel for raising ineffective assistance of trial counsel on direct appeal; failing to raise trial counsel's decision not to file a motion to suppress; and failing to raise trial counsel's decision not to move for dismissal of conspiracy charge). Indiana courts must have the first opportunity to decide the merit of those claims. *Whatley*, 833 F.3d at 770–71.

### B. Appropriateness of Stay

The Court next addresses whether it should stay Mr. Elswick's petition while his unexhausted claims are reviewed by Indiana courts. "When a district court's order dismissing a petition without prejudice will 'effectively end any chance at federal habeas review,' that is, when there is a substantial risk that it comes too late for the prisoner to re-file, district courts are to consider whether a stay might be more appropriate than an outright dismissal[.]" *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One of the changes imposed was a one-year deadline for filing a habeas petition after the state court conviction became final. 28 U.S.C.

§ 2244(d)(1)(A). Because Mr. Elswick's conviction became final before AEDPA's passage, his clock began to run on April 24, 1996—the day AEDPA became law—and he had until April 24, 1997, within which to file a federal habeas petition. 28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Mr. Elswick filed a petition for post-conviction relief on December 4, 1996, 224 days after AEDPA's passage. The respondent alleges that the 1996 petition is the same petition pending today. Dkt. 11 at 7, n.5; *see also* dkt. 11-6 at 10 (hearing journal entry from February 5, 2016, stating, "Petitioner states his fourth amendment, VERIFIED AMENDMENT TO PETITION FOR POST-CONVICTION RELIEF filed on December 8, 2014, is directly amending the PETITION filed on December 4, 1996."). If true, Mr. Elswick has 141 days to file a habeas petition once his post-conviction litigation has concluded. Mr. Elswick contends that his petition was withdrawn without prejudice on September 24, 2014, and a new petition was filed on December 4, 2014, taking up an additional 71 days. Dkt. 11-1 at 19–20. Even assuming that Mr. Elswick is correct, he still has 70 days remaining to file a habeas petition once his state claims have been exhausted. Mr. Elswick is not at risk of losing his opportunity for federal review of his claims if the Court declines to retain jurisdiction. *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006).

Moreover, the Supreme Court has explained that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Rhines*, 544

U.S. at 277. For over twenty years, Mr. Elswick has repeatedly attacked his consecutive sentences, resulting in multiple warnings from Indiana courts about abusive litigation tactics. He has not shown good cause for failing to exhaust his state post-conviction proceedings.

Accordingly, Mr. Elswick's motion for stay and abeyance, dkt. [3], is **denied**, and the respondent's motion to dismiss, dkt. [11], is **granted**. Mr. Elswick's habeas petition is **dismissed without prejudice**, which means that he may refile his petition after exhausting available state court remedies.

Judgment consistent with this Order shall now issue.

## II. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a petition is denied on procedural grounds (such as failure to exhaust), the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." It is clear that Mr. Elswick did not exhaust his state court remedies before bringing this action. Therefore, a certificate of appealability is **denied**.

## III. Conclusion

Respondent's motion to dismiss, dkt. [11], is **granted** on the basis that Mr. Elswick has not exhausted his state court remedies. Mr. Elswick's motion for stay and abeyance, dkt. [3], is **denied**

because he has enough time remaining in the statute of limitations to file another petition once he has exhausted his state court remedies and because he has not shown good cause for failing to exhaust his unexhausted claims. A certificate of appealability is denied.

Mr. Elswick's motion for evidentiary hearing, dkt. [4], is **denied as moot**. His motion requesting copies, dkt. [14], is **denied**. Mr. Elswick's previous motion for copies was granted, and the Court explained to him that he must make his own copies of filings. Dkt. 10. Mr. Elswick did not do so and now requests copies of his amended verified motion opposing respondent's motion to dismiss and attached exhibits, comprising nearly 500 pages of documents, at the Court's expense. Because he was previously warned of his obligation to make his own copies, the Court will not incur the cost of copying these documents. The **clerk is directed** to send Mr. Elswick a form motion for copies with his copy of this Order, and he may renew his motion if he is willing to pay for the copies.

**SO ORDERED.**

Date: 9/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLIFFORD J. ELSWICK
906441
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov

9